UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Esther Luz Flores; <br> Luis Omar Flores; <br>     Plaintiffs, <br><br>     v. <br> Laura B. Zuchowski, Director, <br> Vermont Service Center, <br> US Citizenship and Immigration <br> Services;  Kenneth T. Cuccinelli, <br> Senior Official Performing the Duties <br> of the Director,  US Citizenship and <br> Services; Chad F. Wolf, Presumed <br> Acting Secretary, Department of <br> Homeland Security; <br> Michael R. Pompeo, Secretary, <br> Department of State; <br> Jeffrey A. Rosen, Acting Attorney <br> General. <br>     Defendants. | No. _____ <br><br> Agency ID No. A200-943-125 <br> Agency ID No. A206-299-029 |

PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS; AND, FOR
DECLARATORY JUDGMENT

COMES NOW, ESTHER LUZ FLORES and LUIS OMAR FLORES, Plaintiffs in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants challenging their interpretation of federal law and their unreasonable delay in processing Plaintiffs' applications for benefits under U-Nonimmigrant status. The Derivative Plaintiff's Application for U-3 Nonimmigrant status as a derivative of a U-1 Nonimmigrant status holder, ("Application"), was properly filed with the Defendants. The Defendants have failed to take timely action to process and adjudicate the Derivative Plaintiff's Application.

## PARTIES

2. Principal Plaintiff, Esther Luz FLORES, is a native and citizen of Nicaragua. She was a victim of a felonious assault, to wit aggravated assault with a deadly weapon, which gave her grounds to seek U-Nonimmigrant status. U-1 Nonimmigrant status was granted by the Defendants to the Principal Plaintiff on May 16, 2017.

3. Derivative Plaintiff, Luis Omar FLORES, is a native and citizen of Nicaragua. The Plaintiff is the minor child of Principal Plaintiff, Esther Luz FLORES and currently lives and resides in Nicaragua. The Derivative Plaintiff's application for U-3 Nonimmigrant status was filed concurrently with the application of the Principal Plaintiff. Despite the Principal Plaintiff having been granted status since May 16, 2017, no decision has been rendered in regard to the Principal Plaintiff's petition on behalf of the Derivative Plaintiff.

4. Defendant, Laura B. ZUCHOWSKI, is the Director of the Vermont Service Center, United States Citizenship and Immigration Services (USCIS). Her jurisdiction includes the Plaintiff's residence, and she

is the official who has failed to adjudicate the petition filed by the Principal Plaintiff on behalf of the Derivative Plaintiff. She is sued in her official capacity only.

5. Defendant, Kenneth T. CUCCINELLI, is presumably the Senior Official Performing the Duties of the Director of United States Citizenship and Immigration Services (USCIS), the official charged with managing the agency and supervising subordinate officers. He is sued in his official capacity only.

6. Defendant, Chad F. WOLF, is the presumed Acting Secretary of the Department of Homeland Security (DHS). *See Vidal v. Wolf*, 2020 U.S. Dist. Lexis 213068. He is responsible for the administration, implementation, and enforcement of the immigration laws pursuant to 8 USC section 1103(a). He is sued in his official capacity only.

7. Defendant, Michael R. POMPEO, is the Secretary of the Department of State (DOS). He is responsible for the consular processing of immigrants and non-immigrants from abroad. He is sued in his official capacity only.

8. Defendant, Jeffrey A. ROSEN, is the Acting Attorney General of the United States, and is authorized by law to administer and enforce the immigration laws pursuant to 8 U.S.C. section 1103(g). He is sued in his official capacity only.

## **JURISDICTION**

9. Jurisdiction in this case is proper under 28 U.S.C. sections 1331 (federal question) and 1361 (mandamus), 5 U.S.C. section 701 et. Seq. (the Administrative Procedures Act), 28 U.S.C. 2201 et. Seq.

(Declaratory Judgment Act). This Honorable Court enjoys plenary power to issue all necessary writs. 28 U.S.C. § 1651. The issue presented is one of federal law and/or regulation. Relief is requested pursuant to said statutes.

## VENUE

10. Venue is proper in this court, pursuant to 28 U.S.C. section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## EXHAUSTION OF REMEDIES

11. Plaintiffs have exhausted their administrative remedies. The Application was properly filed with the Defendants on or about March 4, 2014; concurrently with that of the Principal Defendant. The Principal Plaintiff's application was approved on May 16, 2017. Plaintiffs, through counsel, have contacted the USCIS Vermont Service Center via certified mail to request adjudication of the Application. No response has been received to date. Plaintiffs, through counsel, have contacted the U.S. Consulate in Managua, Nicaragua, concerning the processing and forwarding of the Derivative Plaintiff's biometrics. No response has been received to date. No decision has been rendered to date on the petition filed by

the Principal Plaintiff on behalf of the Derivative Plaintiff for U-Nonimmigrant Status. The non-decision of the Defendants is not subject to the review of any administrative courts or appellate bodies.

## STATEMENT OF FACTS

12. Congress, in the Trafficking Victims Protection Act of 2000, created U-Nonimmigrant status. Congress provided 10,000 visas per year to persons who; (a) have suffered substantial physical or mental abuse as a result of having been a victim of "qualifying criminal activity;" (b) possess credible and reliable information establishing that he or she has knowledge of the details concerning the criminal activity; (c) have been helpful, are being helpful, or are likely to be helpful to a certifying agency in the investigation or prosecution of the criminal activity; and (d) the criminal activity occurred in the United States. INA § 101 (a)(15)(U), 8 U.S.C. § 1101 (a)(15)(U).

13. The direct victims of the crime, also known as a U-1 or U-Principal, are permitted to solicit benefits on behalf of certain family members (known as U-2, U-3, U-4 or U-Derivatives). In the case of a U-Principal who is 21 years of age of older, this includes the spouse and children (under the age of 21) of the U-Principal. INA § 101 (a)(15)(U)(ii), 8 U.S.C. § 1101(a)(15)(U)(ii). Derivative children remain eligible after turning 21 years of age, if their applications were filed before they had reached that age, as was done in the Plaintiffs' case. INA § 214(p)(7)(A), 8 U.S.C. § 1184(p)(7)(A).

14. The Principal Plaintiff was a victim of felony aggravated assault with a deadly weapon in Houston, Texas.

15. Local law enforcement certified the Principal Plaintiff's victimization as a felonious assault sufficient to meet the definition of a qualifying crime for the purposes of U-Visa eligibility, and certified that she had been helpful to law enforcement in the investigation of the crime.

16. On March 4, 2014, the Principal Plaintiff filed Form I-918, Petition for U-Nonimmigrant Status. Concurrently, the Principal Plaintiff filed Form I-918A, Petition for Qualifying Family Member of U-1 Recipient for her son, the Derivative Plaintiff, who was 20 and a "child" for immigration purposes at that time. INA § 101 (a)(15)(U)(ii), 8 U.S.C. § 1101(a)(15)(U)(ii); INA § 214(p)(7)(A), 8 U.S.C. § 1184(p)(7)(A).

17. Pursuant to instruction by the Defendants, the Derivative Plaintiff had his fingerprints taken at the American Embassy in Managua, Nicaragua in 2014. The indications given by the agency were that the Embassy would forward the biometrics to the appropriate parties and that no further action was required of the Plaintiffs.

18. The Principal Plaintiff's application for U-1 Nonimmigrant status was approved on May 16, 2017.

19. On September 1, 2017, Counsel for the Plaintiffs sent a letter via certified mail to the USCIS Vermont Service Center (the Service Center with jurisdiction over the Plaintiffs U-Visa Application) advising the Defendants that the Derivative Plaintiff's biometrics had been taken in 2014 and that no action had been taken to date by Defendants on the Derivative's Application.

20. On August 1, 2018, counsel for the Plaintiffs sent an email to the Embassy in Managua, Nicaragua, requesting that the biometrics of

the Derivative Plaintiff be sent to the Vermont Service Center, if they had not been already, so that adjudication could be completed.

21. On March 9, 2020, a second certified letter was sent to the Vermont Service Center noting the delay in adjudication, that the Derivative Plaintiff's biometrics had been previously taken and that the Defendants had failed to adjudicate the Derivative Petition.

22. No response has been received from either the Embassy in Managua or the Vermont Service Center to the aforementioned correspondence.

23. No decision has been rendered by U.S. Citizenship and Immigration Services on the Derivative Application to date.

## CAUSE OF ACTION

## COUNT 1

WRIT OF MANDAMUS
THE DECISION OF THE DEFENDANTS IS NOT
IN ACCORDANCE WITH LAW, AND IS IN EXCESS OF
STATUTORY JURISDICTION, AUTHORITY, LIMITATIONS, AND
SHORT OF STATUTORY RIGHT

24. Mandamus is an "extraordinary remedy" and requires a plaintiff "to satisfy three jurisdictional prerequisites: (1) the plaintiff has a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and, (3) no other adequate remedy is available." *Mustafa, et al. v.*

*Pasquerell, et al.*, 2006 U.S. Dist. LEXIS 8047 at 7, citing *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) and *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985).

25. The failure of the Defendants to adjudicate the Plaintiff's application for benefits under U-Nonimmigrant Status is a violation of the explicit language of the statute and regulations governing U-Nonimmigrant Status, which defines eligibility and jurisdiction for said status and for which Plaintiff is eligible. 8 U.S.C. 1101 (a)(15)(U), 8 C.F.R. § 214.14. The language of the regulations explicitly describes the class of aliens eligible for U-Nonimmigrant Status. The Derivative Plaintiff, the minor child of an approved Principal U-visa holder (or U-1 Nonimmigrant Status) is a derivative of a holder of U-Nonimmigrant status and, is thus, eligible for derivative U-Nonimmigrant status (U-3 Nonimmigrant Status). INA § 101 (a)(15)(U)(ii), 8 U.S.C. § 1101(a)(15)(U)(ii).

26. An essential act in the processing of a nonimmigrant visa application is the submission and processing of biometrics information from the applicant. 22 C.F.R. § 41.105(b). In the instant case, Plaintiff Luis Omar FLORES has complied with his obligation to provide his fingerprints to the U.S. Embassy in Managua, Nicaragua, as per Defendants' instructions, yet Defendants refuse to complete the adjudication of the application.

27. The regulatory language is explicit and mandatory, "USCIS will issue a written decision approving or denying Form I-918 Supplement A and send notice of this decision to the U-1 principal petitioner." 8 C.F.R. § 214.14(f)(6). As the statutory and regulatory scheme describe a non-discretionary, ministerial duty to adjudicate

applications for U Non-Immigrant status, the unreasonable delay and failure of the Defendants to adjudicate the Derivative Plaintiff's properly filed application for benefits under U-Nonimmigrant status, violates the Administrative Procedures Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D). The Defendants' actions are arbitrary and capricious, and clearly contrary to law. 5 U.S.C. § 706(2)(A).

28. For the foregoing reasons, this Honorable Court should grant mandamus relief to Plaintiffs. An agency cannot act as it pleases without recourse to guiding rules and principles-such as the clear statutory language. *See Hernandez v. Reno*, 91 F.3d 776, 781 (5th Cir. 1996). By virtue, without limitation, of the Administrative Procedures Act and of the All Writs Act, this Honorable Court possesses lawful jurisdiction to order Defendants end their unreasonable delay and adjudicate the Derivative Plaintiff's application for derivative U-Nonimmigrant status. Plaintiffs respectfully request such an order be issued.

## REQUEST FOR DECLARATORY RELIEF

29. For all the reasons outlined, *supra,* which are incorporated and re-urged herein as if fully set forth verbatim, the Plaintiff respectfully requests declaratory relief in the form of the entry of a decree which specifies the rights and liabilities of the parties to the instant litigation. 28 U.S.C. § 2201(a). To wit, the Plaintiffs respectfully request a declaration that the Defendants' delay in performing their ministerial duties under the law is unreasonable and issue an order

requiring Defendants to adjudicate the derivative application for U-Nonimmigrant Status. The Plaintiffs also request that this Honorable Court retain continuing jurisdiction over this civil action and that, after reasonable notice of hearing and hearing had, it enter any further declaratory, mandatory, or other injunctive order that is necessary to enforce any declaratory judgment. 28 U.S.C. § 2202.

## REQUEST FOR ATTORNEY FEES AND COSTS

30. The Plaintiffs are entitled to recover reasonable attorney's fees and costs of court, both of which they respectfully request under the Equal Access to Justice Act. 28 U.S.C. § 2412. The position of the Defendants herein is not substantially justified, and no circumstances exist which would render an award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A).

## PRAYER

31. WHEREFORE, PREMISES CONSIDERED, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein and that, upon due consideration, this Honorable Court:
    (a) issue a declaratory judgment stating that Defendants' unreasonable delay in adjudicating the Plaintiffs' application for derivative U-Nonimmigrant Status is arbitrary and capricious, clearly contrary to law, and an abuse of discretion,

  and order the Defendants to adjudicate the application for the benefits sought under U-Nonimmigrant Status;

(b) retain jurisdiction over this civil action to the extent necessary to ensure the entry of any declaratory, injunctive, or mandatory order that may be necessary or proper to enforce any declaratory judgment;

(c) award Plaintiff reasonable attorney's fees and costs; and

(d) grant such other relief at law and in equity as justice may require.

      Respectfully submitted,

      /s/Lawrence E. Rushton
      The Rushton Law Firm
      Counsel for Plaintiffs
      Texas Bar No. 24037411
      5909 West Loop South, Ste. 150
      Bellaire, Texas   77401
      (713)838-8500
      (713)838-9826 Fax

## **LIST OF ATTACHMENTS**

| Exhibit | Description |
| --- | --- |
| 1 | Approval Notice of the Principal Plaintiff dated May 16, 2017 |
| 2 | USCIS Receipt Notice for Plaintiff Luis Omar Flores |
| 3 | Certified Letter to the USCIS Vermont Service Center dated September 1, 2017 |
| 4 | Email Correspondence from Plaintiffs' Counsel to the Embassy in Managua, Nicaragua |
| 5 | Certified Letter to the USCIS Vermont Service Center dated March 9, 2020 |

# **CERTIFICATE OF SERVICE**

I, Lawrence E. Rushton, hereby certify that a true and correct copy of the foregoing "Plaintiff's Original Complaint for Writ in the Nature of Mandamus", including all attachments, will be served on Defendants via US Postal Service Certified mail addressed as follows:

Jeffrey A. Rosen
Acting Attorney General
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC  20530-0001

Chad F. Wolf
Presumed Acting Secretary
US Department of Homeland Security
Washington, DC 20528

Laura B. Zuchowski
Director, Vermont Service Center
US Citizenship and Immigration Services
75 Lower Welden St
St. Albans, VT 05479-0001

Kenneth T. Cuccinelli
Senior Official Performing the Duties of the Director
US Citizenship and Immigration Services
20 Massachusetts Ave., NW, Room 4025
Washington, DC  20536

Michael E. Pompeo
Secretary
U.S. Department of State
c/o The Executive Office, Office of the Legal Adviser,
Suite 5.600,
600 19th Street NW.,
Washington, DC 20522

Ryan K. Patrick
US Attorney
1000 Louisiana St #2300
Houston, TX 77002

On the 6th day of January 2021.

Respectfully submitted,

/s/Lawrence E. Rushton
The Rushton Law Firm, P.L.L.C.
Counsel for Plaintiff
Texas Bar No. 24037411
5909 West Loop South, Ste. 150
Bellaire, Texas 77401
(713)838-8500
(713)838-9826 Fax